# Exhibit A

1

<u>VERIFICATION</u>

2

3  STATE OF ARIZONA          )
                            ) ss.
4  County of Maricopa       )

5

6      I, JAMES B. BOWEN, hereby state, under the penalty of perjury, that the

7  following information is true to my knowledge, information and belief:

8      1.      I am the attorney for the State Defendants in the matter of *Jacobson v. State*

9  *of Arizona, et al.*, Cause No. CV2018-096400, currently pending in the Superior Court of

10 the State of Arizona, County of Maricopa, before the Honorable David Palmer.

11     2.      On December 12, 2018, I filed a Notice of Removal under 28 U.S.C. §

12 1441(b) seeking to remove *Jacobson v. State of Arizona, et al.*, Cause No. CV2018-

13 096400.

14     3.      In compliance with 28 U.S.C. § 1441(a) and L.R.Civ. 3.7(b), I certify that

15 the attached documents are true and accurate copies of pleadings and other documents that

16 were filed in the Superior Court of the State of Arizona, Maricopa, in *Jacobson v. State of*

17 *Arizona, et al.*, Cause No. CV2018-096400.

18         Also attached is a true and accurate copy of the court docket in *Jacobson v.*

19 *State of Arizona, et al.*, Cause No. CV2018-096400.

20         I declare under penalty of perjury that the foregoing is true and correct to

21 the best of my knowledge, information and belief.

22     DATED this 12th day of December, 2018.

23

24                                  _____
                                    JAMES B. BOWEN
25

26

Civil Court Case Information - Case History

Skip To MainContent

[                    ] [ Search ]

Civil Court Case Information - Case History

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | CV2018-096400 | Judge: | Palmer, David |
| File Date: | 8/24/2018 | Location: | Southeast |
| Case Type: | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Marisa Marie Jacobson | Plaintiff | Female | Keith Knowlton |
| State Of Arizona | Defendant | | Pro Per |
| Victoria Jones | Defendant | Female | Pro Per |
| Gregg Strickland | Defendant | Male | Pro Per |
| Denise Strickland | Defendant | Female | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 11/27/2018 | AFS - Affidavit Of Service | 11/30/2018 | |
| NOTE: STATE OF ARIZONA | | | |
| 11/26/2018 | AFS - Affidavit Of Service | 11/29/2018 | |
| NOTE: STATE OF ARIZONA | | | |
| 11/21/2018 | ACS - Acceptance Of Service | 11/26/2018 | |
| NOTE: Acceptance of and Waiver of Service | | | |
| 11/20/2018 | AFS - Affidavit Of Service | 11/27/2018 | |
| NOTE: DENISE STRICKLAND | | | |
| 11/20/2018 | AFS - Affidavit Of Service | 11/27/2018 | |
| NOTE: GREG STRICKLAND | | | |
| 10/31/2018 | 322 - ME: Notice Of Intent To Dismiss | 10/31/2018 | |
| 8/24/2018 | COM - Complaint | 8/27/2018 | |
| 8/24/2018 | CCN - Cert Arbitration - Not Subject | 8/27/2018 | |
| 8/24/2018 | CSH - Coversheet | 8/27/2018 | |

## Case Calendar

**There are no calendar events on file**

## Judgments

**There are no judgments on file**

**In the Superior Court of the State of Arizona**
**in and for the County of _____**

CHRIS DEROSE, CLERK
BY _B. Silvernail_ DEP

Is Interpreter Needed? ☐ Yes ☑ No
If yes, what language:

B. SILVERNAIL, FILED

18 AUG 24  AM 10: 06

_CV2018-096400_

CV2018-096400

Plaintiff's Attorney _Keith Knowlton_

Attorney Bar Number _011565_

Plaintiff's Name(s): (List all)    Plaintiff's Address:    Phone #:    Email Address:

_Marsn Jacobsch_

(List additional Plaintiffs on page two and/or attach a separate sheet).

Defendant's Name(s): (List All)

_State of Arizona, Victoria Jones & Gress &_
_Denise Strickland_

(List additional Defendants on page two and/or attach a separate sheet)

## NATURE OF ACTION

(Place an "X" next to the **one** case category that most accurately describes your primary case.)

### 100 TORT MOTOR VEHICLE:

☐ 101 Non-Death/Personal Injury
☐ 102 Property Damage
☐ 103 Wrongful Death

### 110 TORT NON-MOTOR VEHICLE:

☐ 111 Negligence
☐ 112 Product Liability – Asbestos
☐ 112 Product Liability – Tobacco
☐ 112 Product Liability – Toxic/Other
☒ 113 Intentional Tort
☐ 114 Property Damage
☐ 115 Legal Malpractice
☐ 115 Malpractice – Other professional
☐ 117 Premises Liability
☐ 118 Slander/Libel/Defamation
☐ 116 Other (Specify) _____

### 120 MEDICAL MALPRACTICE:

☐ 121 Physician M.D.    ☐ 123 Hospital
☐ 122 Physician D.O    ☐ 124 Other

### 130 CONTRACTS:

☐ 131 Account (Open or Stated)
☐ 132 Promissory Note
☐ 133 Foreclosure
☐ 138 Buyer-Plaintiff
☐ 139 Fraud
☐ 134 Other Contract (i.e. Breach of Contract)
☐ 135 Excess Proceeds-Sale
☐ Construction Defects (Residential/Commercial)
  ☐ 136 Six to Nineteen Structures
  ☐ 137 Twenty or More Structures

### 150-199 OTHER CIVIL CASE TYPES:

☐ 156 Eminent Domain/Condemnation
☐ 151 Eviction Actions (Forcible and Special Detainers)
☐ 152 Change of Name
☐ 153 Transcript of Judgment
☐ 154 Foreign Judgment
☐ 158 Quiet Title
☐ 160 Forfeiture
☐ 175 Election Challenge
☐ 179 NCC-Employer Sanction Action
  (A.R.S. §23-212)

Case No._____

☐ 180 Injunction against Workplace Harassment
☐ 181 Injunction against Harassment
☐ 182 Civil Penalty
☐ 186 Water Rights (Not General Stream Adjudication)
☐ 187 Real Property
☐ Special Action against Lower Courts
  (See Lower Court Appeal cover sheet in Maricopa)
☐ 194 Immigration Enforcement Challenge
  (A.R.S. §§1-501, 1-502, 11-1051)

**150-199 UNCLASSIFIED CIVIL:**

☐ Administrative Review
  (See Lower Court Appeal cover sheet in Maricopa)
☐ 150 Tax Appeal
  (All other tax matters must be filed in the AZ Tax
  Court)
☐ 155 Declaratory Judgment
☐ 157 Habeas Corpus
☐ 184 Landlord Tenant Dispute- Other
☐ 190 Declaration of Factual Innocence
  (A.R.S. §12-771)

☐ 191 Declaration of Factual Improper Party Status
☐ 193 Vulnerable Adult (A.R.S. §46-451)
☐ 165 Tribal Judgment
☐ 167 Structured Settlement (A.R.S. §12-2901)
☐ 169 Attorney Conservatorships (State Bar)
☐ 170 Unauthorized Practice of Law (State Bar)
☐ 171 Out-of-State Deposition for Foreign Jurisdiction
☐ 172 Secure Attendance of Prisoner
☐ 173 Assurance of Discontinuance
☐ 174 In-State Deposition for Foreign Jurisdiction
☐ 176 Eminent Domain– Light Rail Only
☐ 177 Interpleader– Automobile Only
☐ 178 Delayed Birth Certificate (A.R.S. §36-333.03)
☐ 183 Employment Dispute- Discrimination
☐ 185 Employment Dispute-Other
☐ 196 Verified Rule 45.2 Petition
☐ 195(a) Amendment of Marriage License
☐ 195(b) Amendment of Birth Certificate
☐ 163 Other _____
  (Specify)

## RULE 26.2 DISCOVERY TIER or AMOUNT PLEADED:

(State the amount in controversy pleaded or place an "X" next to the discovery tier to which the pleadings allege the case
would belong under Rule 26.2.)

☑ Amount Pleaded $ _Unspecified_        ☐ Tier 1        ☐ Tier 2        ☒ Tier 3

## EMERGENCY ORDER SOUGHT

☐ Temporary Restraining Order        ☐ Provisional Remedy        ☐ OSC        ☐ Election Challenge
☐ Employer Sanction                  ☐ Other (Specify) _____

## COMMERCIAL COURT (Maricopa County Only)

☐ This case is eligible for the Commercial Court under Rule 8.1, and Plaintiff requests assignment of this case to the
commercial Court. More information on the commercial Court, including the most recent forms, are available on the
Court's website at https://www.superiorcourt.maricopa.gov/commercial-court/.

**Additional Plaintiff(s):**

_____

_____

**Additional Defendant(s):**

_____

_____

CHRIS DEROSE
Clerk of the Superior Court
By Britt Silvernail, Deputy
Date 08/24/2018 Time 10:10:35
Description                        Amount
-------- CASE# CV2018-096400 --------
CIVIL NEW COMPLAINT                333.00
-------------------------------------
TOTAL AMOUNT                       333.00
        Receipt# 26770261

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMG# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiff
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

MARISA MARIE JACOBSON,               )
                                     )      CV2018-096400
            Plaintiff,               )
                                     )      COMPLAINT
vs.                                  )
                                     )
STATE OF ARIZONA; VICTORIA JONES and )
SPOUSE JONES, husband and wife; GREGG )
and DENISE STRICKLAND, husband and wife; )
INDIVIDUALS, ENTITIES OR             )
CORPORATION I-X,                     )
                                     )
            Defendants.              )
_____)

Plaintiff, Marisa Jacobson, as and for her complaint against Defendants,

alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1.     Plaintiff Marisa Marie Jacobson ("Marisa") at all times mentioned herein

was a minor child and resided in Maricopa County, Arizona. .

2.     Marisa turned 18 on August 27, 2017 and this action was filed within one

year of her turning 18.

3.     Defendant State of Arizona is a body politic of the United States of

America.  The State of Arizona caused events to occur that are the subject of this

complaint through the Department of Child Safety ("DCS").  DCS is a non-jural entity

of the State of Arizona.

1

4.      Upon information and belief at the time Jones was an employee of Child Protective Services ("CPS"), a department of the Arizona Department of Economic Services ("DES") and at all relevant times was Plaintiff's Case Manager for CPS.

5.      During the events in this case, CPS was moved from DES and became DCS.  DPS, DES and DCS are all non-jural entity of the State of Arizona.

6.      Defendant Victoria Jones ("Jones") at all times relevant to this Complaint was an employee of DCS.

7.      Jones actions set forth herein occurred in the course and scope of her employment with DCS.

8.      Defendants Gregg and Denise Strickland ("Strickland") at all relevant times relevant to the Complaint were foster parents of Marisa had physical custody of Marisa from Jones and/or DCS.

9.      Each and every individual Defendant is being sued for their conduct and not because of the position they hold.

10.     Defendants caused events to occur in Maricopa County Arizona out of which this complaint arose.

11.     Defendants Jones and/or Strickland acted to benefit the marital community.

12.     Defendant Spouse Jones is a fictitious name for the spouse of Defendant Jones and the complaint will be amended to include this name upon discovery.

13.     Plaintiff has complied with all notice of claim requirements to pursue this action.

14.     A JURY TRIAL IS REQUESTED.

## SUMMARY

15.     In summary, Jones and Strickland so forcefully manipulated, degraded, criticized and attempted to force Marisa to go live with her father and thereafter to

remain with the Stricklands and not return to mother that she suffered severe emotional distress.

16.     This manipulation, degradation, criticism and force caused Marisa mental issues, including being diagnosed with Post Traumatic Stress Disorder ("PTSD"), depression and eating disorder.

17.     Marisa had to go through mental health treatment as a result of Defendants actions to force her to go live with father.

### FACTUAL ALLEGATIONS

18.     Plaintiffs incorporate all the above paragraphs as though fully set forth herein.

19.     Marisa was born on August 27, 1999 to her mother Lana Jacobson ("Lana") and her father Troy Jacobson ("Troy").

20.     On January 22, 2002, Troy filed a divorce petition.

21.     At the time Marisa was just over 2 years old.

22.     Lana was the primary custodial parent and my Troy had visitation on weekends and some Wednesdays.

23.     When Marisa was about 12 years old, Lana and Troy were given equal custody of Marisa.

24.     However, the divorce was contested and by December 16, 2013, the Family Court Judge entered an order granting Troy sole custody of and for Marisa to live in his home.

25.     By this time, Marisa was fourteen (14) years old.

26.     The Family Court had appointed Dr. Robbie Adler-Tapia ("Tapia"), a psychologist to provide therapy for Marisa.

27.     Tapia was not allowed to testify in the family court matter and the failure by the family court judge to allow her to testify explains the reason why the family

3

court miss-interpreted the facts and entered a ruling that harmed Marisa by forcing her to live solely with Troy.

28.    Tapia was aware from her therapy that Troy was at that time in debilitating pain and that he had a temper that would flair without warning and as a result, Marisa was afraid of her father and felt terrified at that time when she had to be alone with him.

29.    When the Family Court incredibly entered the order giving Troy full custody, Marisa on her own and without direction or encouragement from Mother refused to go and live with father.

30.    Marisa was confronted by police and told she had to go live with Troy and if she refused, they would arrest Lana.

31.    Because of this threat to arrest mother because Marisa was expressing her fear of father and her disagreement with the family court order, she ran away from home.

32.    While this was going on, Marisa was telling Tapia of her concerns and fears and was telling everybody she could, including counselors at her school about her fear of her father and fear of living with him.

33.    Tapia had an incident where she witnessed and personally experienced Troy's rage and abuse after a session with Marisa and as a mandatory reporter under A.R.S. § 13-3620 she called then CPS, the predecessor to DCS to report that incident.

34.    Upon information and belief, others called CPS and reported Troy's anger and Marisa's fear of him.

35.    CPS opened a case and assigned Victoria Jones as the case manager.

36.    Victoria and others at CPS, after review of the family court files determined that Lana must have been emotionally abusing Marisa by influencing her not to go to father.

37.    They had no evidence to support that conclusion.

4

38.    On February 7, 2014 at 10:30 am, Victoria Jones appeared at Marisa's school and took her from the classroom into state custody.

39.    Marisa was fourteen (14) years old when taken into custody.

40.    On February 11, 2014, a dependency petition was filed in the Juvenile Court, JD527410.

41.    Victoria Jones filed the affidavit verifying the factual basis set forth in the dependency petition for taking Marisa into State custody.

42.    Jones documents that Marisa expressed fear of father, "but it is unknown how much the child is being influenced by Mother."

43.    Father was granted sole custody of Marisa with Mother being awarded visitation but since that ruling, Marissa has been running away and refuses to reside in Father's home.

44.    Marisa is reported to suffer from extreme fear, anxiety, migraines and, despite being an honor's student, has struggled academically.

45.    "Multiple psychological providers have noted concerns regarding the child's emotional state."

46.    Victoria blamed Lana for this and accused her of causing these problems.

47.    However, Troy had his own problems.

48.    It was documented he had physical health issues that made him unable to parent Marisa.

49.    The medical condition caused severe pain through the day and his life was confined to his home.

50.    Mother did not contest dependency but Father did.

51.    A dependency hearing regarding father was set on the calendar.

52.    Marisa was placed in foster care with Gregg and Denise Strickland by Victoria Jones.

53.     It was at this stage that the abuse of Marisa by Victoria Jones, and upon information and belief at Jones's direction, by the Stricklands.

54.     Jones wanted Marisa to agree to go live with Father.

55.     At each visit Jones would raise the subject and when Marisa expressed her opinions, she was told she was stupid, ignorant, disruptive, that she did not know what was best for her, that her father was a good man and did not deserve this, that mother manipulated Marisa not to want to live with her father, Marisa would never again be able to live with her mother and that Marisa needed to go live with her father without complaint.

56.     In doing this Jones would get loud, in Marisa's face and threatening.

57.     Jones attitude and actions scared Marisa and caused her to shut up and not discuss the issue anymore.

58.     However, when Jones was not there the Stricklands would do the same thing to her.

59.     All this caused Marisa to go into a shell and not want to discuss her parents with Victoria or the Stricklands.

60.     Jones knew that psychological providers, including Tapia were concerned about Marisa emotional state,  yet she intentionally continued the very brow beating Marisa had endured to go live with her father that caused the concern in the first place.

61.     In addition, Jones informed Marisa that she could not go to any friends homes or have friends over unless they were approved after an evaluation by CPS.

62.     As a result, Marisa became isolated and alone at the Stricklands and could not associate with any friends.

63.     Stricklands would not allow any friend to come over to their home and they would not take Marisa to visit any friend at the friend's house.

64.     Further, the Stricklands would not take her to and from school.

65.     Marisa was forced to go to and from school on the bus.

6

66.   If she had any activities or classroom matters that required her to go early or stay late, she could not attend.

67.   The Stricklands refused to drive her or take her to school at any time.

68.   This resulted in Marisa missing all extracurricular activities and clubs at her school, further isolating Marisa.

69.   As Lana, Marisa and Troy went through counseling, it was obvious to those involved that Marisa felt safe and comfortable with Lana and not her father.

70.   Further, it became clear that Troy's medical condition severely impacted his ability to raise Marisa and was causing her to fear her father.

71.   At this stage, CPS was going forward with dependency against Troy and it was possible that neither parent would get custody of the child.

72.   In the foster home, Victoria Jones continued to brow beat Marisa for causing this and not going with her father.

73.   Jones continued to express to Marisa her father was being wronged by what was occurring and that she needed to change her attitude and go live with him.

74.   Jones told Marisa she would never be allowed to live with Lana, ever.

75.   If not with father then she would stay with Stricklands until she turned 18.

76.   The Strickland's would tell her this as well and told her they would adopt her if that occurred.

77.   Marisa was not allowed to go to Court for any of the hearings.

78.   Marisa wanted to go to the court hearings, but Jones and Strickland prohibited her from going to court to attend the hearings.

79.   This impacted Marisa because she was not allowed to go to the family court and tell the family court judge her concerns before and after he ruled.

80.   Marisa knew that at visitations, Troy was able to violate the visitation rules and Lana not only could not, but when she did she was threatened with losing her visitation in front of Marisa.

7

81.   Father could discuss the case and his life without any retribution and Lana could not.

82.   Marisa noticed this and it impacted her.

83.   Troy's contested dependency hearing was set for September 11, 2014 before the Juvenile Court.

84.   However, on August 28, 2014, Troy withdrew his request for a contested dependency hearing and authorized the Court to Rule on Dependency.

85.   That day the Court found Marisa dependent as to Troy.

86.   The Court set a permanency planning hearing and report and review hearing for October 17, 2014.

87.   The Court ordered Victoria Jones to submit her report at least 5 working days prior to the hearing.

88.   On October 8, 2014, CPS filed the Report to the Juvenile Court for Permanency Hearing.

89.   This report documented that Troy stated he no longer wished to subject his daughter to the extreme stress of the parents long-term custody battle and he wanted to give his daughter a "chance to be a normal happy teenager" by putting an "end to all of this."

90.   Troy agreed to allow Marisa to decide where she wanted to live, which is with her mother.

91.   CPS agreed that there is no significant safety risk to Marisa to be placed in her mother's physical custody.

92.   CPS stated that Marisa will no longer run away or suffer emotional abuse if placed with mother and therefore the dependency should be dismissed.

93.   Prior to the hearing set for October 17, 2014, Jones told Marisa that anything could happen at the hearing and that it was possible that Marisa would be returned to her father.

94.   This was contrary to what all the parties, including the assistant attorney generals working the case understood would happen at this hearing.

95.   It was understood that the dependency would be dismissed and Marisa returned to her mother.

96.   Marisa went to the hearing terrified that she was going to be forced to go live with her father because of what Jones told her.

97.   On October 17, 2014, the Juvenile Court dismissed the dependency petition.

98.   The Juvenile Court took temporary jurisdiction of FC2002-090308, awarded Lana sole physical custody and legal decision-making authority for Marisa, and gave Troy reasonable visitation to be arranged by Marisa and father.

99.   At the conclusion of the hearing, Jones came to Marisa and told her it was not fair to her father and that she should have been given to her father.  She told Marisa to go to therapy with her father.

100.   After Marisa came home to Lana, everything she had been through came crashing down upon her.

101.   While she was now in a safe environment, she had been in a mental cage and focused solely on survival day to day.

102.   After coming home her emotions came to the surface.

103.   The emotional damage became obvious to her and her mother as Marisa struggled just functioning on a day-to-day basis.

104.   Tapia continued therapy and diagnosed Marisa with having PTSD from what took place in custody.

105.   She quite eating and was diagnosed with having an eating disorder which required therapy.

106.   She was depressed requiring treatment.

107.   The depression and PTSD symptoms continue to this day.

9

108.   A.R.S. § 8-529 sets forth Marisa's rights while in CPS custody.

109.   First, Marisa had the right "[t]o live in a safe, healthy and comfortable placement where the child can receive reasonable protection from harm and appropriate privacy for personal needs and where the child is treated with respect. A.R.S. § 8-529(A)(2).

110.   The right to "attend community, school and religious services and activities of the child's choice to the extent that it is appropriate for the child, as planned and discussed with the child's placement worker and caseworker and based on caregiver ability if transportation is available through a responsible party. A.R.S. § 8-529(A)(6).

111.   Marisa had the right to "attend the child's court hearing and speak to the Judge. A.R.S. § 8-529(A)(16).

112.   To "understand and have a copy of the rights listed in this section" A.R.S. § 8-529(A)(22).

113.   These rights were all violated.

114.   DCS, which replaced CPS in Arizona, set out guidelines for discipline in its DCS Policy/Children's Services Manual, which is a public record, attached to DCS website.

115.   A child in CPS custody is to be disciplined, not punished.

116.   Punishment is "the threat or use of power and/or fear to change inappropriate behavior.  Punishment relies on external forces."

117.   Discipline "is a teaching process through which the child learns to develop and maintain the self-control, self-reliance, self-esteem, and orderly conduct necessary to assume responsibilities, make daily living decisions, and live according to accepted levels of social behavior."

118.   Jones and the Stricklands punished Marisa for her fear of and as a result her desire not to live with her father, which was wanted by Jones.

**COUNT ONE**
**(42 U.S.C. § 1983)**

119.   Plaintiffs incorporate herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

120.   In committing the above referenced actions and/or omissions, Defendant Jones, acted under color of state law, and engaged in conduct that was the proximate cause of a violation of Plaintiff's rights under the Fourteenth Amendments to the Constitution of the United States of America, by being deliberately indifferent to Marisa's safety, circumstances and mental state by aggressively and forcefully threatening her if she did not agree to live with her father and by not taking her to Court to attend hearings and not taking her to school functions, thereby violating Plaintiffs fundamental constitutional rights and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

121.   The State of Arizona is not a "person" under 42 U.S.C. § 1983 and cannot be held liable for the act of its employees taken at its direction.

122.   Defendant Jones conspired with Defendants Strickland to manipulate and force Marisa into agreeing to live with father and not mother or otherwise to be adopted by the Stricklands.

123.   Defendants Strickland are joint actors with Defendant Jones and therefore are liable under 42 U.S.C. § 1983 for acting under color of state law and for violating Plaintiff's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution, including but not limited to using the physical custody of Marisa given by the State to intimidate, manipulate and attempt to force her to live with father rather than mother and/or to agree to adoption by the Stricklands and not allowing her to have friends visit or attend school functions.

124.   Defendants Strickland in caring out the joint venture, conspiracy and agreement were deliberately indifferent to Plaintiff's emotional state, age and development in threatening her, intimidating her, manipulating her and failing to allow her to attend school functions,  violating her constitutional rights being forced in their custody and thereby violating Plaintiff's civil rights under 42 U.S.C. § 1983.

125.   To violate due process, state officials must act with such deliberate indifference to the liberty interest that their actions "shock the conscience." *Brittain v. Hansen,* 451 F.3d 982, 991 (9th Cir.2006).

126.   Conduct that "shocks the conscience" is "deliberate indifference to a known or so obvious as to imply knowledge of, danger." *Kennedy v. City of Ridgefield,* 439 F.3d 1055, 1064 (9th Cir. 2006).

127.   A substantive due process violation is based on deliberate indifference to a known or obvious danger on the part of a public official.

128.   Applying this standard to the foster care context, 42 U.S.C. § 1983 liability requires that state workers responsible for supervising a child in CPS care exhibit deliberate indifference to a known or obvious danger to the child.

129.   This standard reflects the principle that the state, once it undertakes to take a dependent child into its care, also undertakes an affirmative duty to assume responsibility for that child's safety and general well-being. *Weatherford v. State,* 206 Ariz. 529, 538, 81 P.3d 320 (Ariz. 2003); *J.M.M. v. Hernandez,* 151 F. Supp. 3d 1125, 1131 (D. Nev. 2015).

130.   Social workers may be held liable under § 1983 if they "exhibited deliberate indifference to a known injury, a known risk, or a specific duty, and their failure to perform the duty or act to ameliorate the risk or injury was a proximate cause of plaintiff's deprivation of rights under the Constitution." *Doe v. New York City Dep't of Social Services,* 649 F.2d 134, 145 (2d Cir. N.Y. 1981).

131.   The Fourteenth Amendment substantive due process clause protects a foster child's liberty interest in social worker supervision and protection from harm inflicted by a

foster parent. See *Carlo v. City of Chino*, 105 F.3d 493, 501 (9th Cir. 1997); see also *Campbell v. Burt*, 141 F.3d 927, 931 n.2 (9th Cir. 1998).

132.   "Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care . . ." *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992) (citations omitted).

133.   "Understandably, the law does not impose a duty on the child in custody to guard their own safety. Rather, that duty is the quintessential responsibility of the social workers assigned to safeguard the well-being of this helpless and vulnerable population." *Tamas v. Dep't of Soc. & Health Servs.*, 630 F.3d 833, 842-43 (9th Cir. 2010).

134.   The constitutional duties owed by Jones and Strickland to Marisa as a ward of the Court are set forth in the Ninth Circuit Court of Appeals decision in *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992).

135.   "Once the state assumes wardship of a child, the state owes the child, as part of that person's protected liberty interest, reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child."

136.   The word "custody" is not a talisman, however.

137.   The government has an affirmative obligation to facilitate the exercise of constitutional rights by those in its custody only when the circumstances of the custodial relationship directly prevent individual exercise of those rights." *Lipscomb v. Simmons*, 962 F.2d 1374, 1379 (9th Cir. 1992).

138.   Thus, if a child in CPS custody cannot on its own protect itself and take action, the Case Worker has the obligation to "facilitate the exercise" of those constitutional rights.

139.   Jones and Stricklands knew that Marisa was emotionally unstable.

140.   They knew she did not want to go live with her father because of her father's issues, pain, intolerance and aggressiveness.

13

141.   She had legitimate reasons for her fear of her father and living with him under these circumstances, which was documented by Tapia and other psychological practitioner's.

142.   Yet with this knowledge Jones aggressively brow beat Marisa into submission and intentionally isolated her at school from friends.

143.   Jones and Stricklands did the very thing to Marisa that Jones accused Lana and Troy of doing that caused Marisa to be emotionally unstable in the first place.

144.   Jones and Stricklands manipulation of Marisa while in their custody was unreasonable and constituted a breach of all duties they owed to Marisa.

145.   This violation caused Marisa to become severely emotionally injured and depressed.

146.   Pursuant to 42 U.S.C. § 1983, Defendant Jones and/or Defendants Strickland are liable to Plaintiffs for the above described violations of Plaintiffs Constitutional rights.

147.   Plaintiff is entitled to all rights, remedies, in law or in equity, available to them under 42 U.S.C. § 1983.

148.   As a proximate result of Defendants Jones and /or Stricklands actions set forth above, Plaintiff has suffered humiliation and emotional distress and denial of her constitutional rights.

149.   Plaintiff is entitled to recover her reasonable costs and attorney's fees under 42 U.S.C. § 1983.

150.   Plaintiff is entitled to punitive damages.

## COUNT TWO
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

151.   Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

152.   Defendants Jones and/or Strickland acts and conduct set forth herein and as more fully set forth above, was extreme and outrageous.

153.   Defendant Jones and/or Strickland used their physical custody over Marisa to threaten, intimidate and manipulate her into living with father and not mother.

154.   Defendants Jones and/or Strickland's actions were intentional done or at a minimum recklessly done to force Marisa into living with her father who terrified her.

155.   Defendants Jones and/or Strickland had an affirmative duty not to manipulate and threaten Marisa into living with Father.

156.   Defendants Jones and/or Stricklands actions caused severe emotional distress to Plaintiff.

157.   Plaintiff has suffered damages in an amount to be proven at trial.

158.   Plaintiff is entitled to punitive damages.  Plaintiff is not entitled to punitive damages against Jones to the extent she acted within the Course and Scope of employment.

159.   The State of Arizona is respondeat superior liable for the actions of Jones that occurred in the Course and Scope of Employment.

## COUNT THREE
## BREACH OF FIDUCIARY DUTIES/NEGLIGENCE/GROSS NEGLIGENCE

160.   Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

161.   Defendants Jones and/or Strickland were appointed by the State of Arizona to provide reasonably safe care to Marisa and were in positions of power and authority over Marisa as provided by State Law.

162.   Defendant Jones and/or Strickland owed legal and equitable (constitutional) duties to Plaintiff to provide "reasonable safety and minimally adequate care and treatment appropriate to the age and circumstances of the child."

163.   They also owed Marisa the duty to take her to Court and provide educational opportunities based on her age and circumstances.

164.   Defendants Jones and/or Strickland breached these duties by using intimidation, threats and manipulation to force Marisa to live with Father who terrified her rather than Mother.

165.   As a direct result of Defendants Jones and/or Strickland's breach of duty, Marisa has suffered severe emotional distress and injury in an amount to be proven at trial.

166.   Jones and Strickland acted jointly and in concert and conspired and agreed together to cause Plaintiff severe emotional distress by manipulating her to go with her father.

167.   The State of Arizona is respondeat superior liable for that acts of Jones/and/or Strickland.

168.   Plaintiff is entitled to punitive damages.

## COUNT FOUR
## NEGLIGENT HIRING, RETENTION OR SUPERVISION

169.   Plaintiff incorporates herein by this reference all the preceding numbered paragraphs as though fully set forth herein.

170.   The State of Arizona conducts its supervision of children taken into custody by the State through its employees at DES and/or CPS and now DCS.  The

1    State of Arizona, through DES and/or CPS and/or DCS was negligent in the

2    supervision of the tortuous and unconstitutional actions of Jones and/or Strickland as

3    set forth in this complaint.

4        171.   Jones and/or Strickland are either employees of the State of Arizona or

5    providing contract services under the supervision of DES and/or CPS and/or DCS.

6        172.   Further, the State of Arizona was negligent in permitting or failing to

7    prevent the tortuous and unconstitutional acts set forth in this Complaint by the other

8    Defendants.

9        173.   The State of Arizona has caused damage to Plaintiff in an amount to be

10   proven at trial.

11       WHEREFORE, Plaintiff prays that judgment be entered in her favor and against

12   Defendants and each of them as follows:

13       1. For compensatory and consequential damages;

14       2. For attorney's fees and costs;

15       3. For punitive damages; and

16       4. To grant such other and further relief as the Court feels is just under the

17   circumstances.

18       DATED this 24th day of August, 2018.

19                        KEITH M. KNOWLTON, L.L.C.

20

21                        By: _____

22                            Keith M. Knowlton
                             Attorney for Plaintiff
23

24

25

26

                              17

CHRIS DEROSE, CLERK
BY                              DEP

B. SILVERNAIL, FILED

18 AUG 24  AM 10: 06

1  KEITH M. KNOWLTON, L.L.C.
   9920 S. Rural Road, Suite 108
2  PMB# 132
   Tempe, Arizona 85284-4100
3  (480) 755-1777
   FAX (480) 471-8956
4  Attorney for Plaintiff
   **Keith M. Knowlton - SBN 011565**
5  keithknowlton@msn.com

6

7              **IN THE SUPERIOR COURT FOR THE STATE OF ARIZONA**

8                 **IN AND FOR THE COUNTY OF MARICOPA**

9                                      )
10  MARISA MARIE JACOBSON,             )        CV2018-096400
                                       )
11          Plaintiff,                 )   **CERTIFICATE OF COMPULSORY**
                                       )   **ARBITRATION**
12  vs.                                )
                                       )
13  STATE OF ARIZONA; VICTORIA JONES and )
    SPOUSE JONES, husband and wife; GREGG )
14  and DENISE STRICKLAND, husband and wife; )
    INDIVIDUALS, ENTITIES OR           )
15  CORPORATION I-X,                   )
                                       )
16          Defendants.                )
                                       )
17                                     )
    _____ )
18

19      The undersigned certifies that he or she knows the dollar limits and any other

20  limitations set forth by the local rules of practice for the applicable superior court, and

21  further certifies that this case **is not** subject to compulsory arbitration, as provided by

22  Rules 72 through 76 of the Arizona Rules of Civil Procedure.

23

24

25

26

                                       1

DATED this 24th day of August, 2018.

KEITH M. KNOWLTON, L.L.C.

By:_____
Keith M. Knowlton
Attorney for Plaintiff

2



# SUPERIOR COURT OF ARIZONA
# MARICOPA COUNTY

**FILED**
10/31/2018
by Superior Court Admin
on behalf of Clerk of the
Superior Court

10/27/2018                                    COURT ADMINISTRATION

Ct. Admin
Deputy

**Case Number:** CV2018-096400

**Marisa Marie Jacobson**

**V.**

**State Of Arizona**

The Judge assigned to this action is the Honorable David Palmer

### NOTICE OF INTENT TO DISMISS FOR LACK OF SERVICE

You are hereby notified that the complaint filed on 08/24/2018 is subject to dismissal pursuant to Rule 4 (i) of the Arizona Rules of Civil Procedure. The deadline for completing service is 11/26/2018. If the time for completing service has not been extended by the court and no defendants have been served by this date, the case will be dismissed without prejudice.

All documents required to be filed with the court should be electronically filed through Arizona Turbo Court at www.azturbocourt.gov.

# Superior Court of Maricopa County - integrated Court Information System
## Endorsee Party Listing
Case Number: CV2018-096400

| Party Name | Attorney Name | |
|---|---|---|
| Marisa Marie Jacobson | Keith M Knowlton | Bar ID: 011565 |

J. ... ROSE, CLERK
U. ... ... NW
... POSITORY

18 NOV 20  PM 12: 31

IN THE | SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF | MARICOPA

| PLAINTIFF/PETITIONER | MARISA MARIE JACOBSON | | FILED BY J. BERNAL |
| --- | --- | --- | --- |
| | | CASE NUMBER | CV2018-096400 |
| DEFENDANT/RESPONDENT | STATE OF ARIZONA; GREG and DENISE STIRKLAND, husband and wife; et al. | DECLARATION OF SERVICE BY PRIVATE PROCESS SERVER | |

| GENERAL DESCRIPTION OF DOCUMENTS SERVED: | SUMMONS; CERTIFICATE OF COMPULSORY ARBITRATION; COMPLAINT; |
| --- | --- |

| PERSON/ENTITY: | DENISE STRICKLAND |
| --- | --- |
| MANNER: | SERVED BY SUBSTITUTE SERVICE UPON DEFENDANT'S SPOUSE, GREG STRICKLAND, AT THEIR PLACE OF ABODE. |
| ADDRESS: | 15401 S. 18TH AVE PHOENIX AZ 85045 |
| Date | NOVEMBER 15, 2018 | Time | 1:02 PM |

**THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT I AM CERTIFIED TO SERVE PROCESS IN THIS ACTION WITHIN THE STATE OF ARIZONA; HAVING BEEN SO CERTIFIED AND REGISTERED BY SUPERIOR COURT OF MARICOPA COUNTY, ARIZONA, AND THAT THE ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.**

| DECLERANT | CAMERON JANATI ARIZONA CERTIFIED PROCESS SERVER #7752 |
| --- | --- |
| DECLERANT SIGNATURE | |
| Date | November 16, 2018 |

CLERK OF THE SUPERIOR COURT
DEPOSE, CLERK
RECEIVED, NW
DEPOSITORY

18 NOV 20  PM 12: 32

**FILED**
**BY J. BERNAL**

IN THE | SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF | MARICOPA

| PLAINTIFF/PETITIONER | MARISA MARIE JACOBSON | CASE NUMBER | CV2018-096400 |
|---|---|---|---|
| DEFENDANT/RESPONDENT | STATE OF ARIZONA; GREG and DENISE STIRKLAND, husband and wife; et al. | **DECLARATION OF SERVICE BY PRIVATE PROCESS SERVER** | |

**GENERAL DESCRIPTION OF DOCUMENTS SERVED:** SUMMONS; CERTIFICATE OF COMPULSORY ARBITRATION; COMPLAINT;

**PERSON/ENTITY:** GREG STRICKLAND

**MANNER:** SERVED PERSONALLY UPON GREG STRICKLAND

**ADDRESS:** 15401 S. 18TH AVE PHOENIX AZ 85045

**Date** NOVEMBER 15, 2018      **Time** 1:02 PM

**THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT I AM CERTIFIED TO SERVE PROCESS IN THIS ACTION WITHIN THE STATE OF ARIZONA; HAVING BEEN SO CERTIFIED AND REGISTERED BY SUPERIOR COURT OF MARICOPA COUNTY, ARIZONA, AND THAT THE ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.**

**DECLERANT** CAMERON JANATI ARIZONA CERTIFIED PROCESS SERVER #7752

**DECLERANT SIGNATURE**

**Date** November 16, 2018

Chris DeRose, Clerk of Court
*** Electronically Filed ***
M. Cain, Deputy
11/21/2018 11:17:00 AM
Filing ID 9909601

KEITH M. KNOWLTON, L.L.C.
9920 S. Rural Road, Suite 108
PMB# 132
Tempe, Arizona 85284-4100
(480) 755-1777
FAX (480) 471-8956
Attorney for Plaintiffs
**Keith M. Knowlton - SBN 011565**
keithknowlton@msn.com

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR MARIJCOPA COUNTY**

| | |
|---|---|
| MARISA MARIE JACOBSON, | **Case No:  CV2018-096400** |
| Plaintiff, | |
| vs. | |
| STATE OF ARIZONA; VICTORIA JONES and SPOUSE JONES, husband and wife; GREGG and DENISE STRICKLAND, husband and wife; INDIVIDUALS, ENTITIES OR CORPORATION I-X, | **ACCEPTANCE OF AND WAIVER OF SERVICE** |
| Defendants. | |

I, James Bowen, an attorney licensed to do business in the State of Arizona, having been duly authorized, hereby accept service, waive service and acknowledge receipt of the Summons, Complaint and Certificate of Arbitration in this matter on behalf of Victoria Jones and Spouse Jones ("Jones").  I hereby certify that I am authorized to accept and waive service of this matter on behalf of Defendants Jenkins and have agreed to accept and waive service.

RESPECTFULLY SUBMITTED this 21st day of November, 2018.

Mark Brnovich
Attorney General

/s/ James B. Bowen
JAMES B. BOWEN
Assistant Attorney Generals
Attorneys for Jones

1

1   ORIGINAL filed electronically with the
    Clerk of the Court on _21st_ day of November,
2   2018, and a copy mailed this same date to:

3   JAMES B. BOWEN (013774)
    Assistant Attorney Generals
4   1275 W. Washington St.
    Phoenix, Arizona 85007-2926
5   Attorneys for Jones

6   /s/ Keith Knowlton

7   _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

CHRIS DEROSE, CLERK
RECEIVED NW
DOCUMENT DEPOSITORY

18 NOV 26  PM 2: 45

*FILED*
*BY J. BERNAL*

IN THE | SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF | MARICOPA

| PLAINTIFF/PETITIONER | MARISA MARIE JACOBSON | |
|---|---|---|
| | | **CASE NUMBER** CV2018-096400 |
| **DEFENDANT/RESPONDENT** | STATE OF ARIZONA; GREG and DENISE STIRKLAND, husband and wife; et al. | **DECLARATION OF SERVICE BY PRIVATE PROCESS SERVER** |

**GENERAL DESCRIPTION OF DOCUMENTS SERVED:** SUMMONS; CERTIFICATE OF COMPULSORY ARBITRATION; COMPLAINT;

**PERSON/ENTITY:** STATE OF ARIZONA C/O ATTORNEY GENERAL

**MANNER:** PERSONALLY SERVED UPON LISA FISHER, A QUALIFIED EMPLOYEE, AUTHORIZED TO ACCEPT SERVICE.

**ADDRESS:** 2005 N CENTRAL AVE PHOENIX AZ 85004

**Date** NOVEMBER 15, 2018     **Time** 3:00 PM

**THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT I AM CERTIFIED TO SERVE PROCESS IN THIS ACTION WITHIN THE STATE OF ARIZONA; HAVING BEEN SO CERTIFIED AND REGISTERED BY SUPERIOR COURT OF MARICOPA COUNTY, ARIZONA, AND THAT THE ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.**

**DECLERANT** CAMERON JANATI ARIZONA CERTIFIED PROCESS SERVER #7752

**DECLERANT SIGNATURE**

**Date** November 19, 2018

C. ... 'GEROSE, CLERK
... LIVED NW
... EPOSITORY

18 NOV 27  AM 9:27

FILED
BY A. FRAUSTO, DEP

IN THE | SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF | MARICOPA

| PLAINTIFF/PETITIONER | MARISA MARIE JACOBSON | CASE NUMBER | CV2018-096400 |
|---|---|---|---|
| DEFENDANT/RESPONDENT | STATE OF ARIZONA; GREG and DENISE STIRKLAND, husband and wife; et al. | DECLARATION OF SERVICE BY PRIVATE PROCESS SERVER | |

**GENERAL DESCRIPTION OF DOCUMENTS SERVED:** SUMMONS; CERTIFICATE OF COMPULSORY ARBITRATION; COMPLAINT;

**PERSON/ENTITY:** STATE OF ARIZONA C/O ATTORNEY GENERAL

**MANNER:** PERSONALLY SERVED UPON LISA FISHER, A QUALIFIED EMPLOYEE, AUTHORIZED TO ACCEPT SERVICE.

**ADDRESS:** 2005 N CENTRAL AVE PHOENIX AZ 85004

**Date** NOVEMBER 15, 2018     **Time** 3:00 PM

**THE UNDERSIGNED CERTIFIES UNDER PENALTY OF PERJURY THAT I AM CERTIFIED TO SERVE PROCESS IN THIS ACTION WITHIN THE STATE OF ARIZONA; HAVING BEEN SO CERTIFIED AND REGISTERED BY SUPERIOR COURT OF MARICOPA COUNTY, ARIZONA, AND THAT THE ABOVE IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE.**

**DECLERANT** CAMERON JANATI ARIZONA CERTIFIED PROCESS SERVER #7752

**DECLERANT SIGNATURE**

**Date** November 19, 2018